IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON, INC.<br><br>        Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

For its Complaint against Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc. (collectively, "Ericsson"), Plaintiff Net Navigation Systems, LLC ("Net Navigation" or "Plaintiff") alleges the following:

## NATURE OF THE ACTION

1.  This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2.  Plaintiff Net Navigation is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

3.  Defendant Telefonaktiebolaget LM Ericsson is a company organized under the laws of Sweden with its principal place in Stockholm, Sweden.

4.  Defendant Ericsson, Inc. is a company organized under the laws of the State of Delaware with its principal place at 6300 Legacy Drive, Plano, Texas, 75024.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to their substantial business in this forum, including a portion of the acts constituting direct and/or indirect infringement as alleged herein occurring within this forum.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,625,122

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On September 23, 2003, the 6,625,122 Patent ("the '122 Patent"), entitled "Selection of Data for Network Transmission," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '122 Patent is attached as Exhibit A to this Complaint.

11. Net Navigation is the assignee and owner of the right, title and interest in and to the '122 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for the infringement of it.

12. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '122 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Ericsson SmartEdge

1200 and the Ericsson SmartEdge Series of routers, as claimed in the '122 Patent, without the authority of Net Navigation.

13. Net Navigation has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,434,145

14. The allegations set forth in the foregoing paragraphs 1 through 13 are incorporated into this Second Claim for Relief.

15. On August 13, 2002, the 6,434,145 B1 Patent ("the '145 Patent"), entitled "Processing of Network Data by Parallel Processing Channels," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '145 Patent is attached as Exhibit B to this Complaint.

16. Net Navigation is the assignee and owner of the right, title and interest in and to the '145 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

17. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '145 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products that use parallel processing channels, such as, without limitation, the Ericsson SmartEdge 1200 and the Ericsson SmartEdge Series of routers, as claimed in the '145 Patent, without the authority of Net Navigation.

18. Net Navigation has been harmed by Defendants' infringing activities.

## JURY DEMAND

19. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Net Navigation demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Net Navigation demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the '122 Patent and the '145 Patent;

B. An award of damages to be paid by Defendants adequate to compensate Net Navigation for its past infringement of the '122 Patent and the '145 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs and expenses;

C. That this Court order an accounting of all infringing acts including, but not limited to, those acts not presented at trial, and award Net Navigation damages for any such acts;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

E. An award to Net Navigation of such further relief at law or in equity as the Court deems just and proper.

Dated:  April 23, 2014

Respectfully submitted,

_____
Steven R. Daniels
LEAD ATTORNEY
State Bar No. 24025318
Jennifer K. Towle
State Bar No. 24033399
Bryan D. Atkinson
State Bar No. 24036157
Farney Daniels PC
800 S. Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone:     (512) 582-2828
Facsimile:      (512) 582-2829

**Attorneys for Plaintiff**
**Net Navigation Systems, LLC**